UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                               CIVIL ACTION

**DARRYL DEAN DOMINO**                                               **07-2829**

**DEBTOR**                                                           **SECTION "K" (2)**

### ORDER AND REASONS

Darryl Dean Domino ("Domino") has filed this appeal pursuant to 28 U.S.C. § 158 seeking review of the Bankruptcy Court's Order converting this case from a Chapter 11 proceeding to a Chapter 7 proceeding. After reviewing the briefs of counsel, the record and the law, the Court affirms the Order of the Bankruptcy Court. (Doc. 1)

### BACKGROUND

Domino, the debtor/appellant in this matter, filed his voluntary Chapter 11 petition on August 3, 2005. On August 4, 2005, the Bankruptcy Court issued its 120-day order, which imposed upon the debtor certain requirements, including, but not limited to, filing monthly operating reports, paying the United States Trustee (UST) quarterly fees, and maintaining insurance on the estate assets.

As a result of Hurricane Katrina, the originally scheduled meeting of the creditors was rescheduled from October 25, 2005 to December 2, 2005. The debtor failed to appear at the rescheduled meeting of creditors.

On January 23, 2006, the UST filed a motion to convert this case to Chapter 7 or, alternatively, to Dismiss Chapter 11 ("Motion to Convert") based upon, *inter alia*, the debtor's

failure to file monthly operating reports and failure to make required quarterly fee payments. The hearing on the Motion to Convert was continued on several occasions over the course of the next year while the debtor sought and obtained additional time from the Bankruptcy Court to attempt to reorganize.

      On February 14, 2007, the Bankruptcy Court heard and granted the Motion to Convert.

      On February 23, 2007, the debtor timely filed his notice of appeal.

      Section 1112(b) of Title 11 of the United States Code provides:

> (b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States Trustee or Bankruptcy Administrator, and after notice and a hearing, the Court may convert the case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors in the estate, for cause, including:
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
> (2) inability to effectuate a plan;
> (3) unreasonable delay by the debtor that is prejudicial to the creditors;
> (4) failure to propose a plan under § 1121 of this title within any time fixed by the court;
> (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or the notification of a plan;
> (6) revocation of an order of confirmation under § 1144 of this title, and denial of confirmation of another plan or modified under § 1129 of this title;
> (7) inability to effectuate substantial consummation of a confirmed plan;
> (8) material default by the debtor with respect to a confirmed plan;
> (9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
> (10) non payment of any fees or charges required under Chapter 123 of Title 28.
> This list is illustrative and not exclusive.

11 U.S.C. § 1112(b).

      Domino contends that the Bankruptcy Court improperly placed a burden on the debtor to demonstrate that remaining in Chapter 11 would be more advantageous than conversion to Chapter

7, instead of requiring the government, as movant, to demonstrate the conversion is in the best interest of creditors and the estate. Domino contends that there was a premature disposition of the Motion to Convert constituting abuse of the court's discretion. Moreover Domino contends that the fact that he was unrepresented at the time of the Order of Conversion contributed to the debtors delay and further that not having counsel was extremely prejudicial to him, and that the court acted precipitously in hearing the Motion to Convert and there was no material change in his financial position or circumstances except for his lack of counsel.

The UST, on the other hand, contends that the debtor demonstrated inability to effectuate a plan and also there was non-payment of fees and charges required under Chapter 123 of Title 28 of the United States Code as provided for in sub-sections 2 and 10 of 1112(b) (*supra*). The UST also contends that § 1112(b) sets forth specific examples of "cause", and those examples are merely illustrative, rather than exhaustive, and a finding of "cause" is not limited to the grounds listed in § 1112(b). *In re Yukos Oil Company*, 321 B.R. 396, 410 (Bankr. S.D. Tex. 2005); *Quarles v. U.S. Trustee*, 194 B.R. 94, 96 (W.D. Va. 1996). In fact, the UST argues that courts often consider other factors in order to reach the appropriate results in each individual case. *In re V Cos.*, 274 B.R. 721, 726 (N.D Ohio 2002) (courts consider factors beyond those listed in § 1112(b) to reach appropriate result in individual cases).

The UST contends that the Bankruptcy Court had more than adequate cause to convert this case from Chapter 11 to Chapter 7 based upon the grounds set forth in the statute. Additionally, the Bankruptcy Court could have converted this case based upon a number of other independent grounds, each of which satisfies the "for cause" requirement.

**STANDARD OF REVIEW**

On review of the decision of the Bankruptcy Court, the District Court is governed by Bankruptcy Rule 8013, which provides that "findings of fact...shall not be set aside unless clearly erroneous." Bank.R. 8013. Legal Conclusions, however, receive independent, *de novo* review from the Court. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307 (5th Cir. 1985). "We review the bankruptcy court's decision to dismiss [under § 1112(b)] for abuse of discretion, reversing its findings and fact only if they were clearly erroneous." *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991). The decision to convert under § 1112(b), being governed by the same provision, is subject to a similar standard of review.

**ANALYSIS**

Pursuant to 11 U.S.C. § 1112(b), the burden is on the movant, not the debtor, to show that conversion to Chapter 7 is in the best interest of the creditors and the estate. *In re Macon Prestressed Concrete Co.*, 61 B.R. 432 (Bankr.M.D.Ga. 1986). As stated, Domino contends that the government failed to sustain this burden, and the Bankruptcy Court improperly shifted the burden to Domino to demonstrate the advantage of remaining in Chapter 11. The record indicates that the debtor was unable to effectuate a plan. This case commenced on August 5, 2005 and although delayed because of Hurricane Katrina at the time the Bankruptcy Court granted the UST's motion and converted the case in more than 18 months had passed without a confirmed plan and the debtor was once again without legal representation.

It appears to this Court that the Bankruptcy Court gave every opportunity for the debtor to attempt to reorganize while continuing the motion to convert for more than a year. The record indicates that the debtor continually failed to comply with many Chapter 11 requirements. The

debtor did not pay required fees. At the time of the order to convert, the debtor had failed to pay quarterly fees for the fourth quarter of 2006.

In addition to the specific causes set forth in the statute, the debtor failed to file monthly operating reports on a timely basis.  Also, the debtor failed to comply with court orders, by among other things, failing to maintain insurance on estate assets.

In the case of *In re Solomon* 129 F.3d 608 (C.A. 5 Tex. 1997) the court stated "the Bankruptcy Court has broad discretion to convert a case to Chapter 7 upon assuring of cause and need not give exhaustive reasons for its determination".

The Court finds that  the UST  met its initial burden of demonstrating that "cause" exists to convert these proceedings to Chapter 7.  Once the moving party has met its initial burden under § 1112(b), "a determination of whether or not cause under § 1112(b) exists rests in the sound discretion of the Bankruptcy Court" *In re Sullivan Central Plaza I, LTD*., 935 F.2d 723 (5th Cir. 1991).  Determination of cause is case specific and "the charge to the Bankruptcy Judge under § 1112, then, is to evaluate each debtor's viability and rate  progress in light of the 'best interest of creditors and the estate.' "  *In re Timbers of Innwood Forest Assoc.,* 808 F.2d 363 (5th Cir. 1987). *See In the Matter of Silent Partner Inc.* 1992 WL 31255 (E.D.La 1992).

After reviewing all the circumstances of this case, the Court does not find the Bankruptcy Court ruling was clearly erroneous or an abuse of its discretion.  Accordingly,

**IT IS ORDERED** that the Bankruptcy Court's order converting these proceedings from Chapter 11 to Chapter 7 (Doc. 1) is **AFFIRMED**.

New Orleans, Louisiana, this ___31st___ day of March, 2008.

                                            **STANWOOD R. DUVAL, JR.**
                                            **UNITED STATES DISTRICT JUDGE**